UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| STARR INTERNATIONAL COMPANY, INC., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF AMERICAN INTERNATIONAL GROUP, INC., | : : : |
| Plaintiff, | :  No. 11 Civ. 8422 (PAE) |
| -against- | : |
| FEDERAL RESERVE BANK OF NEW YORK, | : |
| Defendant, | : |
| -and- | : |
| AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation, | : |
| Nominal Defendant. | : |

------------------------------------------------------------------------x

**NOMINAL DEFENDANT AMERICAN INTERNATIONAL GROUP, INC. ("AIG")'S RESPONSE TO FEDERAL RESERVE BANK OF NEW YORK'S <u>MOTION TO DISMISS</u>**

This is a unique case in which the same claims are pleaded directly by Starr International Company, Inc. ("Starr") and derivatively by Starr on behalf of American International Group, Inc. ("AIG"). A derivative claim, by its nature, is brought "to enforce a <u>corporate</u> cause of action," belonging in this case to AIG. <u>Kamen</u> v. <u>Kemper Fin. Servs., Inc.</u>, 500 U.S. 90, 95 (1991) (quoting <u>Ross</u> v. <u>Bernhard</u>, 396 U.S. 531, 534 (1970)). Starr's claims involve the Federal Reserve Bank of New York ("FRBNY")'s actions in connection with AIG's near collapse in September 2008.

On March 9, 2012, the Court "SO ORDERED" a Stipulation providing that "the time within which nominal defendant AIG must answer, move to dismiss or otherwise

respond to the amended complaint is extended until 20 days following the filing of FRBNY's answer in this action" and that "all positions and arguments nominal defendant AIG could assert in its answer, motion to dismiss or other response to the amended complaint are preserved."  Dkt. No. 19.

FRBNY's motion to dismiss raises a variety of grounds for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), including lack of subject matter jurisdiction and failure to state a claim on numerous and diverse grounds.  FRBNY argues that these grounds are case-dispositive.

FRBNY also seeks to dismiss plaintiff's derivative claims under Federal Rule of Civil Procedure 23.1 and the governing Delaware law on the ground that plaintiff has not made a pre-suit demand on AIG's board of directors.  Many cases hold that the demand requirement reflects the "'basic principle of corporate governance that the decisions of a corporation – including the decision to initiate litigation – should be made by the board of directors or the majority of shareholders.'"  Kamen, 500 U.S. at 101 (citation omitted); see also Halebian v. Berv, 590 F.3d 195, 205-06 (2d Cir. 2009) ("'[w]hether a corporation should bring a lawsuit is a business decision, and the directors are, under the laws of every state, responsible for the conduct of the corporation's business, including the decision to litigate'") (quoting RCM Sec. Fund, Inc. v. Stanton, 928 F.2d 1318, 1326 (2d Cir. 1991)); Sagarra Inversiones, S.L. v. Cementos Portland Valderrivas, S.A., 34 A.3d 1074, 1082 (Del. 2011) ("the presuit demand requirement serves a core function of substantive corporation law, in that it allocates, as between directors and shareholders, the authority to sue on behalf of the corporation"); Aronson v. Lewis, 473 A.2d 805, 811 (Del. 1984) (it is a "cardinal precept of

the General Corporation Law of the State of Delaware . . . that directors, rather than shareholders, manage the business and affairs of the corporation").

This pre-suit demand defense plainly belongs to AIG, and plainly is best asserted (or not asserted) by AIG.  Even the case relied on by FRBNY for the proposition that the FRBNY has standing to raise the demand issue, Kaplan v. Peat, Marwick, Mitchell & Co., 540 A.2d 726 (Del. 1988) (FRBNY Mem. at 16 n.6) (Dkt. No. 23), holds that "before a court can apply the traditional standards for determining when demand is excused it must first examine whether the corporation on whose behalf the action is brought has taken a position concerning the propriety of the derivative litigation." Id. at 731 (emphasis added).  As stated in Kaplan, the "demand rule requires deference to the prerogative of management" and "its invocation must advance management's position." Id. (emphasis added).  "[O]therwise, the rule serves no function." Id.  As the Second Circuit has noted, Kaplan requires that "the Court must 'examine the position or policy espoused by the corporation which [the pre-suit demand requirement] seeks to protect.'" Bellikoff v. PricewaterhouseCoopers, LLP, 300 F. App'x 41, 43 (2d Cir. 2008) (summary order) (quoting Kaplan, 540 A.2d at 731).

AIG's position is that given the many grounds for dismissal advanced by FRBNY that do not in any way implicate the demand defense, a decision on the demand defense should be deferred until after the other issues presented by FRBNY's motion to dismiss have been resolved, as contemplated by the Stipulation entered into by AIG and Starr and SO ORDERED by the Court on March 9, 2012.  As explained in AIG's Stipulation with Starr:

> [T]he alleged derivative claims on behalf of nominal defendant AIG raise . . . procedural and standing issues that the undersigned counsel agree will unduly complicate motion practice at this time and that may not need to be briefed by the parties and decided by the Courts [the Court of Federal Claims, in a paral-

3

lel action there, and this Court] in light of the rulings on the motions to dismiss by FRBNY . . . (and, if they do need to be briefed and decided, may be differently and more narrowly focused following the Courts' rulings on those motions).

Dkt. No. 19.  After FRBNY's Rule 12(b)(1) and 12(b)(6) arguments are decided, AIG will know what derivative claims, if any, survive.  AIG – to whom the derivative claims belong – will then be best able to determine whether it will seek to enforce its right to a demand, or whether AIG, with the benefit of the Court's rulings on FRBNY's arguments under FRCP 12(b)(1) and 12(b)(6), will allow Starr to proceed in AIG's name on any derivative claims remaining in the case at that time.

This approach also conserves the Court's resources because it assures that the pre-suit demand issue will be addressed at most once –after the Court decides which claims are viable, and after AIG, the party whose right is at stake, determines whether it wants to enforce its right.  A ruling now that demand is required, as FRBNY seeks, followed by a decision by AIG's board to allow Starr to proceed in AIG's name notwithstanding the demand requirement, would obviously waste valuable judicial resources.  As FRBNY itself concedes, "a corporation can elect to surrender its control over an action brought on its behalf by authorizing the shareholder's claim to proceed or by declaring neutrality on the issue." FRBNY Mem. at 16 n.6 (Dkt. No. 23).  FRBNY certainly cites no case deciding the need for a demand where, as here, the corporation on whose behalf derivative claims are asserted has asked the Court to wait to decide the issue until Rule 12(b)(1) and 12(b)(6) issues – much less novel Rule 12(b)(1) and 12(b)(6) issues such as those presented here – are resolved.

For all of these reasons, the pre-suit demand issue is best left to be addressed, if necessary, after the Court decides whether to grant FRBNY's motion to dismiss under Rules 12(b)(1) and 12(b)(6).  If FRBNY's potentially case-dispositive 12(b)(1) and 12(b)(6)

4

arguments carry the day, there will be no need for AIG to brief, and the Court to decide, the Rule 23.1 pre-suit demand issue, and the extent to which Starr's claims are direct and the extent to which they are derivative.  If derivative claims still remain after the Court's resolution of Rule 12(b)(1) and 12(b)(6) arguments, the Rule 23.1 demand issue is best decided based on full briefing by AIG, the party whose right is at stake, if AIG determines to exercise this right.

        Respectfully submitted,

Dated:  New York, New York  
       May 30, 2012

WEIL, GOTSHAL & MANGES LLP

By: s/ Stephen A. Radin  
Joseph S. Allerhand  
Stephen A. Radin  
Robert V. Spake  
Jamie L. Hoxie  
767 Fifth Avenue  
New York, New York 10153  
Tel:   (212) 310-8000  
Fax:   (212) 310-8007  
Email: joseph.allerhand@weil.com  
Email: stephen.radin@weil.com  
Email: robert.spake@weil.com  
Email: jamie.hoxie@weil.com

Attorneys for Nominal Defendant  
American International Group, Inc.

5