```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
STARR INTERNATIONAL COMPANY, INC.,                                :
INDIVIDUALLY AND DERIVATIVELY ON
BEHALF OF AMERICAN INTERNATIONAL                                  :
GROUP, INC.,
                                                                  :   No. 11 Civ. 8422 (PAE)
              Plaintiff,
                                                                  :
       -against-
                                                                  :
FEDERAL RESERVE BANK OF NEW YORK,
                                                                  :
              Defendant,
                                                                  :
       -and-
                                                                  :
AMERICAN INTERNATIONAL GROUP,
INC., a Delaware corporation,                                     :

              Nominal Defendant.
------------------------------------------------------------------x
```

### NOMINAL DEFENDANT AMERICAN INTERNATIONAL GROUP, INC.'S RESPONSE TO DERIVATIVE CLAIMS AND STATEMENT OF MOOTNESS WITH RESPECT TO FRBNY DEMAND REQUIREMENT MOTION TO DISMISS

American International Group, Inc. ("AIG") hereby responds as follows as "nominal defendant" to the derivative claims alleged by plaintiff Starr International Company, Inc. ("Starr") in its Amended Verified Complaint (the "Complaint").

### BACKGROUND

Starr alleges that the Federal Reserve Bank of New York (the "FRBNY") breached fiduciary duties FRBNY is alleged to have owed as a controlling shareholder to AIG (as a derivative claim) and to Starr (as a direct claim). In a related action in the United States Court of Federal Claims (the "CFC Action"), Starr alleges that the United States of America (the

"Government") unconstitutionally took property from AIG (as a derivative claim) and from Starr (as a direct claim).

The alleged takings by the Government (in the CFC Action) and the alleged breaches of fiduciary duties by FRBNY (in this Action) fall into two broad categories.

First, Starr alleges (i) in the CFC Action, a taking by the Government of a 79.9% equity interest in AIG in connection with the financial assistance provided by the Government to AIG beginning in September 2008 and continuing through the issuance of Series C preferred stock and the exchange of that Series C preferred stock with AIG common stock in January 2011, and (ii) in this Action, breaches of fiduciary duty by FRBNY in connection with this same subject matter (together, the "Stock Claims").  Starr asserts the Stock Claims as both direct and derivative claims.  The Court in the CFC Action has held, at the preliminary pleading phase, that "Starr has pled facts sufficiently alleging a harm to suing stockholders independent of any harm to AIG and as such, has standing to advance its expropriation claim directly" in the CFC Action – a ruling the Government has asked the Court in the CFC Action to reconsider.  Starr Int'l Co., Inc. v. United States, 2012 WL 2512920, at *10-13 (Fed. Cl. July 2, 2012) (motion for reconsideration pending).

Second, Starr alleges (i) in the CFC Action, an alleged taking by the Government of money posted by AIG as collateral to counterparties in credit default swaps issued by AIG Financial Products in connection with transaction entered into by a special purpose vehicle called Maiden Lane III, and (ii) in this Action, breaches of fiduciary duty by FRBNY in connection with this same subject matter (together, the "ML III Claims").  Starr concedes that the ML III Claims in both actions are purely derivative.  June 1, 2012 Tr. at 66 (Boies) in CFC Action; July 26, 2012 Tr. at 103 in this Action (Boies).

2

On March 9, 2012, this Court "SO ORDERED" a Stipulation providing that "the time within which nominal defendant AIG must answer, move to dismiss or otherwise respond to the amended complaint is extended until 20 days following the filing of FRBNY's answer in this action." Dkt. No. 19.  On April 2, 2012, FRBNY moved to dismiss this action on numerous grounds, including Starr's failure to make a pre-suit demand on AIG's Board with respect to AIG's derivative claims.  On July 26, 2012, after being informed that AIG would be responding to the complaint in the CFC Action on August 20, 2012, this Court asked AIG to state its position in this Court with respect to the pre-suit demand requirement at the same time AIG states its position on this subject in the CFC Action.  July 26, 2012 Tr. at 106-09.

## CURRENT STATUS AND AIG'S RESPONSE TO THE DERIVATIVE CLAIMS

On August 14, 2012, following discussions between Starr and AIG, Starr agreed to make a demand on AIG's Board of Directors with respect to all derivative claims asserted in this action – the Stock Claims and the ML III Claims.  At the same time, AIG's Board authorized the establishment of an orderly and deliberative process pursuant to which the Board will consider the novel and complex issues raised by Starr's demand, including, among other issues, an assessment of the merits of the claims, the merits of the Government's defenses, the direct and collateral costs of AIG or Starr pursuing the claims on AIG's behalf, the unique issues raised by the determination in the CFC Action that the Stock Claims in that action are both direct and derivative, and the impact that pursuit of the claims by AIG or Starr might have on the defense of litigation against AIG in other forums and on AIG's future business plans.

The process contemplated by AIG's Board include requests for written presentations from Starr, the Government and FRBNY addressing specific questions from AIG and written replies, and then oral presentations to AIG's Board by Starr, the Government and

3

FRBNY.  These written presentations and replies will be provided to AIG's Board by Starr, the Government and FRBNY this fall, and the oral presentations are expected to be made at the Board's meeting on January 9, 2012.  Following further deliberation, a decision by AIG's Board is expected by the end of January 2013.  This process is designed to ensure to the maximum extent possible that AIG's Board will have the information and time necessary to make an informed decision on the difficult issues raised by Starr's demand, under the unusual circumstances presented by this case, and in light of the fact that 9 of AIG's current 12 directors did not serve on AIG's Board during the events underlying this lawsuit.  Starr, the Government and FRBNY have all advised AIG that they intend to participate in the Board's process, subject to further discussion concerning details.

        In light of this agreement and Starr's demand to AIG's Board with respect to the derivative claims in this action, Starr has agreed to stay the ML III Claims (which are entirely derivative) during the Board's consideration of the demand with the following exception:  Starr will seek discovery on the ML III Claims in the CFC Action (and in this action if the pending motion to dismiss is denied), but limited to document requests and objections without the production of documents, unless the discovery is also related to the Stock Claims (which Starr contends it is entitled to pursue in the CFC Action as a direct claim under the CFC's July 2, 2012 Order regardless of the Board's decision in connection with Starr's demand).

        AIG and Starr have also agreed that if AIG's Board determines not to pursue the derivative Stock Claims and/or the ML III Claims and therefore refuses Starr's demand, then Starr, if it chooses, may seek to contest the Board's decision by filing amended complaints in the CFC Action (in connection with Starr's claims against the Government) and/or in this Action (in connection with Starr's claims against FRBNY) alleging that Starr's demand was wrongfully

refused by AIG's Board or not required as a matter of law. AIG, of course, would be free to respond with any and all arguments as to why the Board's decision as to the fate of the derivative claims should not be overturned, including AIG's contention that AIG Board has at all times been disinterested and independent and has at all times acted in a manner the Board believed to be in the best interests of AIG.

## CONCLUSION

Starr's agreement to make a demand on AIG's Board moots the portion of FRBNY's motion to dismiss the derivative claims in this action (and the Government's motion to dismiss the derivative claims in the CFC Action) based on Starr's failure to make a demand. Simply put, Starr will make a demand, and the demand will be acted upon by AIG's Board. See Stotland v. GAF Corp., 469 A.2d 421, 423 (Del. 1983) ("it is clear that the issues of this appeal have been rendered moot by the demand made upon GAF's board").

Dated: New York, New York
August 20, 2012

WEIL, GOTSHAL & MANGES LLP

By: /s/ Joseph S. Allerhand
Joseph S. Allerhand
Stephen A. Radin
Robert V. Spake
Jamie L. Hoxie
767 Fifth Avenue
New York, New York 10153
Tel:   (212) 310-8000
Fax:   (212) 310-8007
Email: joseph.allerhand@weil.com
Email: stephen.radin@weil.com
Email: robert.spake@weil.com
Email: jamie.hoxie@weil.com

Attorneys for Nominal Defendant
American International Group, Inc.