# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

**John S. Kiernan**
Partner
Tel  212 909 6692
Fax  212 521 7692
jskiernan@debevoise.com

November 6, 2012

By Email:  EngelmayerNYSDChambers@nysd.uscourts.gov

The Honorable Paul A. Engelmayer
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 670
New York, NY 10007-1312

> **Starr International Company, Inc. v.
> Federal Reserve Bank of New York,
> No. 11-cv-8422 (PAE)**

Dear Judge Engelmayer:

     The Federal Reserve Bank of New York submits this letter in response to the November 1, 2012 letter from Starr International, which comments on AIG's October 31 letter confirming that AIG's Board approved the ML III transaction.

     AIG's statement that its Board approved the ML III transaction is appropriately unequivocal. Starr's attempt to limit the effect of the minutes making this approval clear prompts three observations:

     1.     Starr's suggestion that the Board may have made its decisions based on improperly limited information is based solely on speculation and disregards that the Board had the benefit in that meeting of the presence of several AIG executives and internal lawyers, several external financial advisors from the Blackstone Group and numerous external counsel from three top law firms (Sullivan & Cromwell, Simpson Thacher & Bartlett and Weil Gotshal), all of whom were available to answer directors' questions and provide them with information material to their decisions. Starr's suggestion also disregards the minutes' explicit indication that they do not reflect the full presentations to or the full deliberations by the Board. *See, e.g.,* page 6 (noting that immediately after a FRBNY representative "explained that the Fed is negotiating with AIGFP's counterparties to sell the [CDOs] and terminate the related [CDSs]" — which by itself negates Starr's contention that Board members did not know FRBNY was negotiating with counterparties — "Messrs. Liddy, Herzog and Schreiber answered questions from the directors on the proposed solution and expected benefits," and stating

The Honorable Paul A. Engelmayer            2                            November 6, 2012

in the next paragraph that "a lengthy discussion followed"). *See also id*. at 7-9 (redacting attorney discussions).

       2.       The draft Maiden Lane III Term Sheet to be signed by AIG that is an annex to Exhibit D expressly provides in section 1 that each "[c]ounterparty will be paid the notional amount for the CDS Transaction, subject to certain adjustments described in the Forward Purchase Agreements." "Notional amount" corresponds with "par" — ML III would pay each counterparty the difference between the amount of AIG's posted collateral and the insured par value of the CDOs. If the Court feels any uncertainty on that subject, FRBNY can provide correspondence involving AIG advisers who were present at the November 9 board meeting making clear that they fully understood this point before the meeting. Section 2 of the same Term Sheet confirms that AIG and AIGFP were to receive releases from counterparties, negating Starr's contention that there was no consideration for the releases AIG gave.

       3.       As is not unusual, the Board's approval was for an ML III transaction "on substantially the terms and conditions presented to the Board at this meeting," and "with such amendments" to the draft forms of agreement "as any Authorized Officer may deem necessary, desirable or appropriate." Starr has presented no basis for a conclusion that any of the specific points it identifies is one that directors did not know about <u>and</u> would have considered "substantially" different from the transaction they unanimously approved.

                                                    Respectfully yours,

                                                    John S. Kiernan

cc:    Joseph S. Allerhand (joseph.allerhand@weil.com)
        David Boies (dboies@bsfllp.com)
        John L. Gardiner (john.gardiner@skadden.com)
        Stephen A. Radin (stephen.radin@weil.com)